In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00233-CV

_____

**JC PROJECT MANAGEMENT SERVICES, INC., JOHN WARD, AND
NANCY WARD, Appellants**

**V.**

**CEDAR POINT PROPERTY OWNERS ASSOCIATION, INC.,
WATERFRONT DEVELOPMENT, LLC, VACATION HOME BUILDERS,
INC., CHARLES VON SCHMIDT, PENINSULA INTERESTS GP, LLC,
PENINSULA INTERESTS, LP, AND CEDAR POINT HOLDINGS,
Appellees**

**On Appeal from the 411th District Court
Polk County, Texas
Trial Cause No. CIV26682**

**MEMORANDUM OPINION**

Appellants, JC Project Management Services, Inc., John Ward, and Nancy

Ward (Appellants), filed an appeal of a judgment dated March 7, 2014, granting a

motion for a partial summary judgment. Appellee, Cedar Point Property Owners

Association, Inc. (CPPOA), filed a motion to dismiss the appeal for lack of

1

jurisdiction, arguing that the March 7, 2014 judgment was not a final judgment because it did not dispose of all of the live claims before the trial court. In their response, the Appellants agree that CPPOA's motion for partial summary judgment did not address all of the claims asserted in Appellants' live pleading. Appellants state that they have appealed "out of an abundance of caution" because it is "unclear" whether the court's judgment at issue could be construed to be final.

On appeal the parties agree that the trial court granted CPPOA's plea to the jurisdiction in an order dated October 4, 2013. In that order, the trial court purportedly dismissed all of Appellants' claims against CPPOA, but the order says nothing about CPPOA's pending counterclaim against Appellants. On or about November 27, 2013, Appellants filed their Fifth Amended Petition wherein they purport to add a "new derivative claim" concerning CPPOA. On December 19, 2013, the trial court granted a motion for partial summary judgment and dismissed Appellants' breach of fiduciary duty and declaratory judgment claims as to six of the other defendants. Then, on March 7, 2014, the trial court granted CPPOA's motion for partial summary judgment dismissing the Appellants' claims against CPPOA. None of the foregoing orders or judgments references CPPOA's counterclaim against Appellants wherein CPPOA requested affirmative relief and a declaratory judgment confirming the validity of the amended deed restrictions.

2

Neither the Appellants nor CPPOA argue that the counterclaim was subsumed into any of the respective orders or judgments, and there is nothing in the record to indicate that CPPOA non-suited its request for affirmative relief. The orders and judgment also do not contain severance language.

"[W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). "An order that adjudicates only the plaintiff's claims against the defendant does not adjudicate a counterclaim[.]" *Id.* The March 7, 2014 judgment lacks clear and unequivocal language of finality and it does not address counterclaims. *See id.* at 206. We conclude that the March 7, 2014 judgment is interlocutory. Therefore, we grant the motion to dismiss and dismiss the appeal for lack of jurisdiction.

APPEAL DISMISSED.

_____
LEANNE JOHNSON
Justice

Submitted on July 9, 2014
Opinion Delivered July 10, 2014

Before Kreger, Horton, and Johnson, JJ.

3